UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

TINA W.,

                          Plaintiff,

        v.                                                  5:23-cv-00839 (AMN/TWD)

COMMISSIONER OF SOCIAL
SECURITY,

                          Defendant.
_____

**APPEARANCES:**                                    **OF COUNSEL:**

**OFFICE OF PETER W. ANTONOWICZ**    **PETER W. ANTONOWICZ,**
148 West Dominick Street                        **ESQ.**
Rome, New York 13440
*Attorneys for Plaintiff*

**SOCIAL SECURITY ADMINISTRATION**    **FERGUS J. KAISER**
6401 Security Boulevard
Baltimore, Maryland 21235
*Attorneys for Defendant*

**Hon. Anne M. Nardacci, United States District Judge:**

**MEMORANDUM-DECISION AND ORDER**

**I.      INTRODUCTION**

On July 13, 2023, Plaintiff Tina W.[1] commenced this action pursuant to 42 U.S.C. § 405(g) seeking judicial review of a final decision of the Commissioner of Social Security ("Commissioner") denying her application for a Period of Disability, Disability Insurance

---

[1] In accordance with the local practice of this Court, Plaintiff's last name has been abbreviated to protect her privacy.

Benefits, and Supplemental Security Income under the Social Security Act ("Complaint"). Dkt. No. 1.[2]

This matter was referred to United States Magistrate Judge Thérèse Wiley Dancks, who, on July 31, 2024, recommended that the Court deny Plaintiff's motion for judgment on the pleadings, Dkt. No. 13, grant the Commissioner's motion for judgment on the pleadings, Dkt. No. 15, and affirm the Commissioner's decision ("Report-Recommendation"). Dkt. No. 16. Magistrate Judge Dancks advised that under 28 U.S.C. § 636(b)(1), the parties had fourteen days within which to file written objections and that failure to object to the Report-Recommendation within fourteen days would preclude appellate review. *Id.* at 19-20. Neither party has filed any objections to the Report-Recommendation and the time for filing objections has expired.

For the reasons set forth below, the Court adopts the Report-Recommendation in its entirety.

## II.     STANDARD OF REVIEW

This Court reviews *de novo* those portions of a magistrate judge's report-recommendation that have been properly preserved with a specific objection. *Petersen v. Astrue*, 2 F. Supp. 3d 223, 228-29 (N.D.N.Y. 2012); 28 U.S.C. § 636(b)(1)(C). If no specific objections have been filed, this Court reviews a magistrate judge's report-recommendation for clear error. *See Petersen*, 2 F. Supp. 3d at 229 (citing Fed. R. Civ. P. 72(b), Advisory Committee Notes: 1983 Addition). "When performing such a 'clear error' review, 'the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Dezarea W. v. Comm'r of Soc. Sec.*, No. 6:21-CV-01138 (MAD/TWD), 2023 WL 2552452, at *1 (N.D.N.Y. Mar. 17, 2023)

---

[2] Citations to court documents utilize the pagination generated by CM/ECF, the Court's electronic filing system.

(quoting *Canady v. Comm'r of Soc. Sec.*, No. 1:17-CV-0367 (GTS/WBC), 2017 WL 5484663, at *1 n.1 (N.D.N.Y. Nov. 14, 2017)).  After appropriate review, "the court may accept, reject or modify, in whole or in part, the findings or recommendations made by the magistrate judge."  28 U.S.C. § 636(b)(1)(C).

### III. DISCUSSION

Because neither party has filed any objections to the Report-Recommendation, the Court reviews the Report-Recommendation for clear error.

Magistrate Judge Dancks concluded that the Commissioner's decision complied with the relevant legal standards and was supported by substantial evidence.  Dkt. No. 16 at 19; *see also id.* at 9-19.  Specifically, Magistrate Judge Dancks first concluded that the Administrative Law Judge appropriately assessed the medical opinion evidence from Plaintiff's treating sources in the context of the overall record.  *Id.* at 9-15 (citing 20 C.F.R. §§ 404.1520c(a)-(c), 416.920c(a)-(c)).  Magistrate Judge Dancks also concluded the Administrative Law Judge properly assessed Plaintiff's own statements regarding her symptoms and limitations in the context of the other evidence in the record, and that it was proper for the Administrative Law Judge to find Plaintiff's statements were "not fully supported."  *Id.* at 15-19.  The Court agrees with Magistrate Judge Dancks for the reasons set forth in the Report-Recommendation.  *See, e.g., Warren v. Comm'r of Soc. Sec.*, No. 3:15-CV-1185 (GTS/WBC), 2016 WL 7223338, at *9 (N.D.N.Y. Nov. 18, 2016) ("When applying the substantial evidence test to a finding that a plaintiff was not disabled, the Court will not reweigh the evidence presented at the administrative hearing, ... nor will it determine whether [the applicant] actually was disabled. [Rather], [a]bsent an error of law by the Secretary, [a] court must affirm her decision if there is substantial evidence [in the record] to support it") (citations and internal quotations omitted), *report and recommendation adopted,* 2016 WL

3

7238947 (N.D.N.Y. Dec. 13, 2016); *see also Montaque v. Astrue*, No. 5:07-CV-0749 (VEB), 2010 WL 1186515, at *10-11 (N.D.N.Y. Mar. 23, 2010) (findings plaintiff's statements were "not fully supported by objective medical evidence").

Having reviewed the Report-Recommendation for clear error, and found none, the Court adopts the Report-Recommendation in its entirety.

## IV.   CONCLUSION

Accordingly, the Court hereby

**ORDERS** that the Report-Recommendation, Dkt. No. 16, is **ADOPTED in its entirety**; and the Court further

**ORDERS** that Plaintiff's motion for judgment on the pleadings, Dkt. No. 13, is **DENIED**; and the Court further

**ORDERS** that the Commissioner's motion for judgment on the pleadings, Dkt. No. 15, is **GRANTED**; and the Court further

**ORDERS** that the Complaint, Dkt. No. 1, is **DISMISSED**; and the Court further

**ORDERS** that the Clerk serve a copy of this Memorandum-Decision and Order on all parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

Dated: August 30, 2024
Albany, New York

_____
Anne M. Nardacci
U.S. District Judge